J-S12031-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: N.D., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: J.R., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 195 EDA 2022 |

Appeal from the Order Entered December 27, 2021
In the Court of Common Pleas of Montgomery County Juvenile Division
at No(s):  CP-46-DP-0000107-2021

| | | |
|---|---|---|
| IN THE INTEREST OF: K.W.-R.., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| APPEAL OF: J.R., MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 196 EDA 2022 |

Appeal from the Order Entered December 27, 2021
In the Court of Common Pleas of Montgomery County Juvenile Division
at No(s):  CP-46-DP-0000108-2021

BEFORE:  BENDER, P.J.E., BOWES, J., and DUBOW, J.

DISSENTING MEMORANDUM BY BOWES, J.:      **FILED JULY 29, 2022**

I respectfully dissent.  While my learned colleagues dismiss these consolidated appeals after finding that Mother's argument is substantially underdeveloped, I would address the merits of Mother's challenge and affirm.

The majority summarized the family's involvement with the Montgomery Officer of Children and Youth ("OCY").  Hence, I only reiterate the key facts

and procedural history as they relate to the decision to dismiss these appeals. Mother has two children: N.D., born June 2013, and K.W.-R., born September 2018. The juvenile court adjudicated N.D. dependent on June 8, 2021, based, in part, on allegations of physical abuse and neglect. Mother was subsequently indicated as a perpetrator of abuse against N.D. The juvenile court entered a finding of aggravated circumstances against Mother, who, in turn, asserted that N.D.'s mental health problems posed a physical threat to K.W.-R.

Although the juvenile court had previously dismissed OCY's prior dependency petition relating to K.W.-R., as N.D.'s allegations of abuse also implicated the safety of K.W.-R, OCY revived it petitions on July 9, 2021. While that petition was pending, the juvenile court ordered, *inter alia*, that Mother cooperate with OCY in scheduling supervised sibling visitation between the children. Trial Court Order, 8/6/21. The juvenile court reiterated similar directives in a permanency review order concerning N.D. ***See*** Permanency Review Order, 6/20/21, at 3. The court adjudicated K.W.-R. dependent on August 20, 2021, restating the prior visitation requirement and directing Mother to arrange for K.W.-R. to be evaluated by the Children's Hospital of Philadelphia Suspected Child Abuse and Neglect ("CHOP SCAN") team. Adjudication and Disposition, 8/20/21, at 3.

Mother did not comply with the aforementioned directives, OCY filed the parallel petitions for contempt that are the genesis of this appeal, and Mother

moved with K.W.-R to New Jersey, refusing to disclose the child's location. The contempt petitions alleged that Mother failed to comply with supervised sibling visitation or schedule the child abuse assessment. In addition to sanctions, OCY sought a further directive from the juvenile court requiring Mother to comply with "the Court's Order to have [K.W.-R.] assessed at CHOP by the SCAN team, allow [K.W.-R] to have visitation with her sibling, and cooperate with the Montgomery County Office of Children & Youth." Motion for Contempt, 11/8/21, at 2.

The juvenile court held the motions for contempt in abeyance to provide Mother an opportunity to comply with the court-ordered directives and, in light of Mother's surreptitious relocation, it added instructions for Mother to cooperate with agency caseworkers in both New Jersey and Montgomery County. Mother scheduled K.W.-R.'s child abuse assessment for January 2022, and the New Jersey agency completed a home visit on Mother's residence. Although Mother scheduled the supervised sibling visitation, the visit did not occur because Mother insisted on overseeing the visit, ostensibly for the protection of K.W.-R., and N.D. countered that "he did not feel comfortable or safe having Mother in the room with him." Trial Court Opinion, 2/7/22, at 10. As the juvenile court later characterized the situation, "The visit did not occur because there was no way to facilitate the visit where both Mother and N.D. felt comfortable." *Id*.

The juvenile court ultimately denied OCY's motions for contempt. Significantly, the trial court determined that Mother substantially complied with the pertinent orders by scheduling the abuse assessment, home visit, and supervised sibling visitation, but Mother's obdurate behavior during the visitation required further action. "Accordingly, the court issued an order providing specific and detailed directives." *Id*. at 12.

These timely appeals followed, wherein Mother challenges the inclusion of the additional directives in the order denying the motion for contempt. That is, she asserts the order exceeded the scope of relief that OCY sought in the motion for contempt. As noted, the majority dismisses the appeals after finding that Mother's argument is substantially underdeveloped. For the following reasons, I disagree.

The majority accurately observes that our rules of appellate procedure require appellants to support his or her argument with legal analysis and citation to pertinent authority. Majority memorandum at 5 (quoting *Commonwealth v. Martz*, 232 A.3d 801, 811 (Pa.Super. 2020)). Likewise, it correctly notes, that where an issue is insufficiently developed in briefs, this Court may dismiss the appeal or find the issue waived. *Id*., *citing Commonwealth v. Hardy*, 918 A.2d 766, 771 (Pa.Super. 2007). Instantly, the majority found Mother failed to identify the specific portion of the contempt orders that she believed exceeded the scope of relief that Montgomery County Office of Children and Youth sought. *Id*. at 6. It further reasoned that, while

Mother did, in fact, cite authority to support her legal proposition, she failed to "analyze and apply the cited case law to the facts of this case." ***Id***. I disagree that waiver is warranted in this case.

While Mother dedicated the bulk of her brief to establishing justiciability, it is clear that she challenged the trial court's contempt order because it allegedly exceed the court's scope of relief by addressing twelve substantive matters that she asserts did not relate to her contumacious conduct. ***See*** Mother's brief at 13-14. Whereas the majority finds that Mother's failure to identify the twelve directives precluded this Court from effectuating meaningful appellate, those enumerated directives are obvious from the face of the contempt order, a copy of which is attached to Mother's brief. Indeed, the majority deftly summarizes the following conditions in setting forth the procedural history of this appeal. ***See*** Majority Memorandum at 4.

In denying the OCY's motion for contempt, the juvenile court ordered as follows:

> 1. Mother shall undergo a parenting capacity evaluation by Dr. Stephen Miksic.
>
> 2. Mother shall take child K.W.-R. to the scheduled CHOP Scan on January 6, 2022.
>
> 3. Siblings N.D. and K.W.-R. shall have in-person supervised visitation biweekly. Mother shall cooperate with OCY to schedule a visit once every two weeks. Mother may transport K.W.-R. to the visit or transportation for the child may be provided by OCY. Visits shall be supervised by the Office of Children and Youth or any other OCY approved supervisor. Under no circumstances is Mother permitted to be present with the children for the visits.

4.      Mother shall have no contact with N.D.

5.      Mother shall cooperate with Montgomery County OCY and all service providers.

6.      Mother shall cooperate with any child protective service agency in the State of New Jersey, where she moved while under the jurisdiction of this Court.

7.      Since the children were adjudicated dependent by this court and Mother moved out of state without approval or notice, Montgomery County Juvenile Court shall retain jurisdiction over this matter.  OCY shall retain jurisdiction over the children for the court to determine all matters in relation to custody, supervision, care and disposition of the children until they are adopted, reach majority, become self-supporting or are discharged with the concurrence of the appropriate authority in the State of New Jersey.  Such Jurisdiction shall also include the power to effect or cause the return of the child or its transfer to another location and custody pursuant to law.  OCY shall continue to have financial responsibility for support and maintenance of the child during the period of the placement in the State of New Jersey.

8.      OCY shall submit a referral to the State of New Jersey under ICPC Article V - Retention of Jurisdiction.

9.      Mother shall not record any person without their specific stated consent. Counsel for Mother shall advise her of the criminal statutes of the Pennsylvania Wiretap Act which makes recording another person without their consent a felony offense.

10.     The next scheduled hearing for both children is a Permanency Review scheduled for January 12, 2022 at 3:00 PM before the Honorable Garrett Page.  These hearing shall be held in-person at the Montgomery County Juvenile Court.  Mother and daughter K.W.-R. shall arrive no later than 2:30 PM and the child shall have the opportunity to speak privately and confidentially with her attorney, Lara Kash, Esquire.  Neither Mother, nor any other person on Mother's behalf, may be present when the child speaks with her counsel.

11      Both children shall be seen by the court and counsel prior to the commencement of the hearing.  Mother shall not be

present. Thereafter the children may be excused from the courtroom for good cause.

12. In addition to the bi-weekly supervised in-person sibling visits scheduled with OCY, the siblings shall have a supervised visit in the secure children's waiting room at Juvenile Court while the hearing is underway. Mother shall not be permitted into the secured area or the children's waiting room.

Trial Court Order, 12/23/21 at 1-2 (cleaned up).

As the conditions that Mother challenges are readily available from the order attached to her brief, I cannot countenance the majority's finding that Mother failed to identify those same conditions in asserting that the trial court exceeded the scope of the relief requested in OCY's motion for contempt. Further, she cited pertinent legal authority for the proposition that "A trial court generally exceeds its authority if it grants relief outside of that requested." Mother brief at 13 (citing **Jones v. McGreevy**, 270 A.3d 1, 22 (Pa.Super. 2022) ("We deem the trial court's declaration of all property being immune from attachment to be in error, as the order goes well beyond the scope of the relief sought by Appellant and the procedural posture of this case.")).

Accordingly, I would address the merits of Mother's assertion.

Our standard of review follows:

On appeal from an order [concerning] contempt of court, our scope of review is very narrow, and we place great reliance on the court's discretion. The court abuses its discretion if it misapplies the law or exercises its discretion in a manner lacking reason. Each court is the exclusive judge of contempts against its process. The contempt power is essential to the preservation of the court's authority and prevents the administration of justice from falling

- 7 -

into disrepute. Absent an error of law or an abuse of discretion, we will not disrupt [the order] if the record supports the court's findings.

*Thomas v. Thomas*, 194 A.3d 220, 225–26 (Pa.Super. 2018) (quotations and internal citations omitted).

As noted, Mother asserts that the trial court abused its discretion by imposing various requirements upon the parties in the order denying OYC's motion for contempt. Mother's brief at 13-14. Specifically, she complains that the enumerated conditions exceeded the scope of the relief sought, which was simply to hold Mother in contempt of the August 2021 orders for, *inter alia*, allegedly failing to have K.W.-R. assessed for suspected child abuse and refusing to permit K.W.-R to participate in the court-ordered supervised visitation with N.D. Mother contends that the trial court's contempt orders require her to perform conditions that were neither related to the motion for contempt nor sought by OCY. *Id*. at 14.

Upon review of the certified record, I can discern no abuse of discretion or legal error in the juvenile court's decision to impose various conditions upon the parties in denying OCY's motions for contempt against Mother. First, contrary to Mother's protestations, OCY's motions specifically requested directives relating to sibling visitation and the child abuse assessment. *See* Motion for Contempt, 11/8/21, at 2. Hence, the inclusion of those conditions did not exceed the scope of the relief requested. Furthermore, as the juvenile court explained, the enumerated directives either reiterated the previously imposed conditions or provided clarification on those matters. Trial Court

Opinion, 2/7/22, at 12. The court addressed each of the pertinent conditions, explained when it was originally imposed, and noted Mother's level of compliance. *Id*. at 12-17. Insofar as the juvenile court is required to serve the best interest of the children and ensure their continued safety, I believe that the inclusion of the enumerated conditions constitutes a reasonable exercise of discretion, particularly, in light of Mother's indicated finding of abuse as to N.D., unsanctioned move to New Jersey, reluctance to schedule the child abuse assessment for K.W.-R., and her persistent interference with the supervised sibling visitations between N.D. and K.W.-R.

For the foregoing reasons, I would affirm the juvenile court order.